IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jessica P., a Minor, and      )
Joyce T. individually and as  )
a Parent and Next Fried of    )
Jessica P.,                   )
                              )
            Plaintiff,         )
                              )
      v.                       )      06 C 0002
                              )
Board of Education of the      )
City of Chicago, District 299, )
                              )
            Defendant.         )

                    MEMORANDUM OPINION AND ORDER

      This action has been instituted by minor Jessica P. and her

mother Joyce T. to enforce, against City of Chicago's Board of

Education District 299 ("Board"), a claim for attorneys' fees and

expenses incurred as the prevailing parties (see 20 U.S.C.

§1425(i)(3)(B)) in a due process hearing under the Individuals

With Disabilities Act, of which that statutory section is a part.

Board does not challenge either plaintiffs' status as prevailing

parties or their consequent entitlement to an award under the

statute, instead invoking 20 U.S.C. §1425(i)(3)(F) and other

reasons to dispute the quantification of that award.

      Each side has submitted a Fed.R.Civ.P. ("Rule") 56 motion

for summary judgment, together with the supporting materials

called for by this District Court's LR 56.1, and each has now

responded to the other's motion.  With the issues thus being

rendered ripe for decision, this memorandum opinion and order

addresses each of Board's objections to plaintiffs' request.

There is also no quarrel between the parties as to the operative standards for determining the reasonableness of a fees request, so there is a minimal need to cite any applicable caselaw here. As for the factual background, a copy of the Factual Information section of plaintiffs' responsive memorandum is attached to and incorporated into this opinion.

In the latter respect, it is true that Board has objected to certain portions of plaintiffs' LR 56.1 submission as assertedly not material to the current fees-and-expenses determination, but those matters--which are certainly not outcome-determinative and hence are not potential sources of any genuine issue of material fact that could bar summary judgment--are included solely for informational purposes and do not form part of the gravamen of plaintiffs' claim. Hence Board's motions to strike those matters are denied, but that makes no difference to the outcome. On, then, to the merits.

To begin with, Board does not quarrel with the $295 hourly rate as billed by plaintiffs' experienced counsel, Michael O'Connor. Its general cavil--that Jessica's first and separate due process case resulted in a $97,101.25 award--is as nonmaterial (that is, non-outcome-determinative) as the matters to which Board has itself objected on the ground of materiality. What is relevant instead is whether plaintiffs' substantial claim

for the second due process hearing is or is not excessive on its own.

In that regard, Board's first objection is to the inclusion of a charge for travel time of $3,557. But our Court of Appeals made clear over two decades ago that the lost opportunity cost of a lawyer who is compelled to travel to and from a hearing is compensable as part of a fee award (Henry v. Webermeier, 738 F.2d 188, 194 (7ᵗʰ Cir. 1984), and that same proposition has been reconfirmed as recently as 2004 (Stark v. PPM Am., Inc., 354 F.3d 666, 673 (7ᵗʰ Cir. 2004). That objection is rejected.

Next Board challenges the expenditure of 12.75 hours labeled "research" as somehow excessive because of its claimed duplication of the research time that had been devoted during the first due process hearing. But plaintiffs' counsel has adequately explained the need for the time involved, as well as the appropriateness of that work having been done by attorney O'Connell rather than by a less expensive paralegal.[1]  That

---

[1]Indeed, the "research" label is misleading, for more than half of the 12.75 hours were devoted to the preparation of the second due process request and the preparation of a 20-page post-hearing memorandum, work that was surely appropriate for counsel rather than for a paralegal. And as for the remaining time of less than 6 hours spent in connection with research and preparation on Board's motion to exclude issues, documents and witnesses during the hearing, this Court's own experience as a practicioner is that its greater experience and substantially greater efficiency effectively compensated for the time that it would have taken a lower-priced lawyer (let alone a paralegal) to do the same work, especially when the time and cost for the latter is added to the duplicative time and cost that would be

3

challenge is also overruled.

Board's third objection is to the inclusion of billing for the paralegal's time spent during the five day hearing. On that score plaintiffs' R.Mem. 6-7 (also attached) is wholly persuasive. Hence that objection also fails.

Finally, Board objects to the time spent in the review, compilation and cataloguing of records for the second due process hearing--12.25 hours spent by a paralegal and 4.25 hours spent by counsel O'Connell. Once again plaintiffs' counsel answers that objection fully and persuasively. That last objection is turned down as well.

## Conclusion

There are no genuine issues of material fact, and plaintiffs are entitled to a judgment as a matter of law. Their request for a full award of $64,284.02 is granted, and judgment is ordered to be entered in plaintiffs' favor and against Board for that amount.

There is one final matter that should be addressed here. As a matter of law plaintiffs--again as prevailing parties--are also entitled to an award of reasonable fees and expenses in this action, but that entitlement does not affect the finality of the judgment ordered here (see <u>Budinich v. Becton-Dickinson & Co.</u>,

---

needed for review of that work by the lawyer who bears the ultimate responsibility for the work product.

486 U.S. 196 (1998). Counsel for the parties are urged to meet
and confer on quantifying that added award, rather than having to
follow the more cumbersome and time-consuming procedure
prescribed by this District Court's local rule on the subject.
That would serve both sides' interests, because it would tend to
minimize the fees-on-fees issue.

_____
Milton I. Shadur
Senior United States District Judge

April 13, 2006.

C:\WPTEXT\JessicaP1.wpd

## II.    FACTUAL INFORMATION

The factual information pertinent to this dispute is set forth in detail in the Plaintiffs' Statement of Uncontested Facts in Support of Plaintiffs' Motion for Summary Judgment. Defendant has also submitted a Statement of Uncontested Facts in support of it's cross motion, and Plaintiffs have filed a responsive statement with this memorandum.

In summary, Plaintiff is a 17 year old girl who attends high school in the Chicago Public School system. She was first determined eligible to receive special education services in April, 2004 based on an emotional behavior disorder (Plaintiffs' Statement of Uncontested Facts, ¶6 [hereafter Plaintiffs' Statement]). Jessica and her mother have initiated two due process hearings, one in 2004 and the second in 2005 (Plaintiffs' Statement,¶¶8, 12, 13),   Following the first due process hearing, in a decision issued on August 12, 2004, a hearing officer found that CPS denied Jessica a free and appropriate public education.  The hearing officer ordered that CPS expunge two expulsions from Jessica's school records, and that CPS conduct a new evaluation to asses whether Jessica has a learning disability (Plaintiffs' Statement ¶9).  In response to the first due process decision, CPS conducted a second evaluation on August 27, 2004, which determined that Jessica has an emotional disorder, but not a learning disability (Plaintiffs' Statement, ¶11).

1.    CPS convened IEP meetings on September 14, 2004 and October 15. 2004 which prepared an Individual Education Program for Jessica. Joyce T. objected to the IEP, and through her attorney requested a second due process hearing (Plaintiffs' Statement at ¶12).  In the second due process hearing Plaintiffs complained that

      a.  The 8/27/04 evaluation was invalid;

      b.  The behavior intervention plan developed by the IEP team was not appropriate and was not properly implemented;

    c. The IEP team inappropriately failed to offer extended school year and group social work services;

    d. The IEP team failed to offer appropriate compensatory services for the denial of a free and appropriate education in the 2002-3 and 2003-4 school years;

    e. The IEP's developed in September and October, 2004 were inadequate;

    f. Jessica was denied a free and appropriate public education for the 2004-5 school year (Plaintiffs' Statement ¶13).

Prior to the hearing, Hearing Officer Hervey issued a eight page decision denying a motion by Defendant to exclude certain issues, witnesses and documents from the hearing (Plaitiffs' Statement ¶ 14), During the five day hearing, testimony was taken from 23 witnesses, including 8 teachers, 8 expert witnesses, 6 other employees of Chicago Public Schools (CPS) and the parent. 6 of the expert witnesses were called by the parent, and included two clinical psychologists with specialties in pediatric neuropsychology, two professors of special education from National Louis University, a private speech/language pathologist, and Ph.D. level psychoeducational diagnostician (Plaintiffs' Statement at ¶16). Following completion of the hearing, the parties submitted post-hearing memoranda. Plaintiffs' counsel submitted a 20 page memorandum based in part on transcripts of expert testimony at the hearing as well as 699 pages of parent documents. The decision after the hearing was delayed somewhat "due to the number of witnesses and complexity of the exhibits and testimony." (Plaintiffs' Statement at ¶17).

    2. The Hearing Officer issued a 31 page decision on July 5, 2005, which provided substantial relief to Jessica. (see Exhibit A attached to the Complaint). The hearing officer ruled that:

    a. The 8/27/04 evaluation was invalid and "should not have been used by the IEP team" (see Exh. A attached to complaint at 21);

    b. The behavior intervention plans developed by CPS were not implemented (Exh. A attached to complaint at 22);

3

c. The IEP developed by CPS was not appropriate as to the determination that Jessica does not have a learning disability and with regard to extended school year (ESY) services (Exh. A attached to complaint at 25);

d. The IEP team failed to offer appropriate compensatory services (Exh. A attached to complaint at 26)

e. The IEP developed by CPS in September and October, 2004 did not properly set goals, objectives and present levels of performance for Jessica (Exh. A attached to complaint at 27);

f. CPS had failed to provide all of the student's records (Exh. A attached to complaint at 27);

g. CPS failed to provide a free and appropriate education to Jessica for the 2004-5 school year (Exh. A attached to complaint at 27) (Plaintiffs' Statement at ¶18).

The Hearing Officer ordered that CPS

a. Develop a new IEP using independent evaluations secured by Plaintiffs;

b. Develop a revised behavior intervention plan;

c. Provide additional school records;

d. Offer compensatory services in the form of a two year tutoring mentoring program not to exceed $24,000 in cost, to be paid by CPS. (Plaintiffs' Statement at ¶19).

## III.    ARGUMENT

An award of reasonable attorney fees is available to the parent of a child with a disability who is the prevailing party under the Individuals with Disability Act, 20 U.S.C. §1415(d)(3)(B); 34 C.F.R. §300.513. Courts have generally applied the principles and standards applicable to fee awards under §1988 to cases involving fee requests under IDEA. *See, e.g., Holmes v. Millcreek Tp. Sch. Dist.*, 205 F.3d 583, 593 n. 12 (3d Cir. 2000); *Kathleen H. v. Massachusetts Dep't of Educ.*, 154 F.3d 8, 14 (1st Cir. 1998); *Jodlowski v. Valley View Community Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253 n. 2 (7th Cir. 1997).

4

**B. Research**

Defendant objects to 12.75 hours attorney time billed for research, apparently on the basis that the second hearing was a routine repetition of the first hearing, and that Plaintiffs billed 45.25 hours for research in the first hearing.[1]  While there may have been some overlap among the issues raised in the two separate hearings, they occurred about one year apart.  Moreover, in the second hearing defendant filed a motion to exclude issues, documents and witnesses, which consumed 5.75 hour of research time (See Plaintiffs' Response to Defendant's Statement of Uncontested Facts. ¶11 [hereafter Plaintiffs' Response]).  3.5 hours were billed at the outset of the second case, in connection with research and drafting the second due process request (*id*).  The remaining 3.5 hours research time were related to preparation of a 20 page post hearing memorandum (*id*).  All in all, Plaintiffs' counsel billed a remarkably limited number of hours for research given the complexity of the case.  Defendant's contention that all time for research be disallowed should be rejected.

**C. Paralegal as second chair at trial**

Defendant also objects to billing for paralegal time during the five day hearing. Having a second attorney at a trial to assist with note taking, monitoring order of proof and otherwise assist the lead trial attorney is not unreasonable, given the complexity of the due process hearing, which heard 23 witnesses, including 8 expert witnesses, and involved 699 pages of parent documents (Plaintiffs Statement at ¶17).  The hearing officer issued a 29 page decision, which she explained was delayed in part "due to the number of witnesses and the complexity of the exhibits and testimony.  The need for backup assistance during trial has been recognized in other contested fee cases: " as most trial lawyers know, it is essential to have a second lawyer at

---

[1] Defendant contested plaintiffs' fees in the first hearing in *Jessica P. vs. Board of Education,* 05 C. 0002. Judge Manning ruled that Plaintiffs' fees in the first hearing were fully compensable.  See decision and minute order attached as Exhbits A and B to Plaintiffs' Memorandum of Law in Support of their Motion for Summary Judgment.

counsel table, especially in a 6-day trial, to take notes, confer with the client while lead counsel is questioning witnesses, and maintain an overview of all the proceedings. *Zojourner v. Brown*, 2005 U.S. Dist. LEXIS 19995 (D.D.C. 2005). See also, *Hector Gonzalez v Puerto Rico Department of Education*, 1 F. Supp. 2d 111 (D PR. 1998) where the court upheld fee award for second attorney at a four day due process hearing. In the instant case, reliance on a paralegal should be commended, and the paralegal time spent at the hearing should be fully compensated.

### D. Review of Records

Defendant further objects that plaintiffs counsel improperly billed time for review, compiling, and cataloging records. The Parent documents in the second due process hearing consisted of 699 pages (Plaintiffs' Statement at ¶17. Plaintiffs billed a grand total of 16.5 hours in connection with review, compiling and cataloging documents, of which only 4.25 hours were billed by an attorney. The remaining 12.25 hours were billed by a paralegal (Plaintiffs' Response at ¶ 16). Defendant's objection to this time appears to be based on the fact that a prior hearing a year earlier, involving the same parties, Plaintiffs' counsel billed 12 hours for document review in the first hearing, but the second hearing, while involving some documents from the first hearing, clearly addressed numerous documents generated after the first hearing was completed, including IEP's, evaluations, behavior intervention plans, etc. (Plaintiffs Response,¶ 7). Moreover, document review activities occur at multiple points in a case, ranging from intake, filing a due process request, responding to motion to exclude, preparing for hearing, and preparing a post hearing memorandum. On balance, plaintiffs billing should be found to be modest and eminently reasonable rather than excessive. There should be no basis for excluding these charges in their entirety.